# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| LIONS GATE FILMS, INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation; COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation; and PARAMOUNT PICTURES CORPORATION, a Delaware Corporations | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 2:05-CV-358 PS |
| PEGGY ROBSON, | ) ) ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

Before the Court is Plaintiffs' Application for Entry of Default Judgment [Doc. 13]. Plaintiffs allege that Defendant Peggy Robson used an online media distribution system to obtain copyrighted motion picture recordings owned by or licensed to Plaintiffs and distributed those recordings to other users of the system and/or made the recordings available to the public. (Comp. ¶ 13.) Because Defendant Peggy Robson has failed to answer or otherwise defend this lawsuit, Plaintiffs' Application for Entry of Default Judgment is granted.

## **I. BACKGROUND**

Plaintiffs in this action are various motion picture production and distribution companies, who are the copyright owners or licensees of exclusive rights under the Copyright Act of various motion pictures, including:

1. "Christmas with the Kranks"

2. "Suspect Zero"

3. "Taxi"

4. "The Grudge"

5. "Alien vs. Predator"

6. "Saw"

(Comp. Ex. A.) In the one count asserted in their complaint, Plaintiffs claim that Defendant, without their permission, used an online media distribution system to download, distribute, and make available for distribution these copyrighted motion pictures for which Plaintiffs are the copyright owners or exclusive licensees. (*Id.* at ¶¶ 13.) Plaintiffs allege that "Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution [and her] actions constitute infringement of the Plaintiffs' exclusive rights protected under the Copyright Act of 1976. " (*Id.*) Plaintiffs also allege that Defendant's violations were willful and intentional in that the six motion pictures at issue were either still in motion picture theaters and/or had not been released on DVD/home video at the time of Defendant's infringing activities. (Comp. at ¶ 14; Plf. Mem. at 5).

Plaintiffs filed their complaint in this matter on September 20, 2005 [Doc. 1]. Defendant was served with the Summons and Complaint on September 21, 2005 by certified mail [Doc. 8]. Defendant failed to appear, plead or otherwise defend the lawsuit as provided by the Federal Rules of Civil Procedure. Plaintiffs also sent Defendant a letter informing her that she was in default and providing her an additional opportunity to respond to the Complaint. Defendant did not respond to this letter. Accordingly, Plaintiffs filed a Request to Enter Default with the clerk of the court on March 20, 2006 [Doc. 9], which the clerk entered on April 13, 2006 [Doc. 12].

On May 18, 2006, Plaintiffs filed an Application for Entry of Default Judgment [Doc. 13], which is presently before this Court. Plaintiffs seek an award totaling $12,169.30. This figure includes: (1) $6,000.00 for statutory damages provided by 17 U.S.C. § 504 ($1,000.00 each for the six alleged infringements); and (2) $6,169.30 in attorneys' fees and costs pursuant to 17 U.S.C. § 505. Additionally, Plaintiffs seek an injunction pursuant to 17 U.S.C. § 502.

In addition to affidavits supporting their substantive claims, Plaintiffs submitted an affidavit from Alexandra DeNeve, an attorney licensed to practice law in New York and admitted *pro hac vice* to practice before this Court, stating that she "has no reason to believe that Defendant is an infant or incompetent person." (DeNeve Aff. at ¶ 7). Plaintiffs subsequently also submitted a Lexis Nexis Accurint report showing the Defendant's age as 37 and date of birth as September 1, 1968. (DeNeve Supp. Aff. at Ex. B).

## II. DISCUSSION

### A. Entry of Default Judgment

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgment. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) ("The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment.") Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Hill v. Barbour,* 787 F. Supp. 146, 148 n.4 (N.D. Ill. 1992). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). "This entry is recognition of the fact that a party is in default for a failure to comply with the rules." *See Hill*, 787 F. Supp. at 148 n.4 (citing 6 Moore et al., Moore's Federal Practice ¶ 55.03 (2d ed.

1985)).

As the clerk has entered default against Defendant in this case [Doc. 12], this Court may now enter a default judgment under Federal Rule of Civil Procedure 55(b)(2). Rule 55(b) gives district courts the power to enter default judgment, but requires courts to exercise sound judicial discretion when doing so. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993); *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003). To enter default judgment, the Court must conclude that Plaintiffs are entitled to judgment as a matter of law. *See Cass County Music Co. v. Muedini,* 55 F.3d 263, 265 (7th Cir. 1995). "In making this inquiry, the court must assume that the factual allegations are, by reason of the default, true." *Id.* at 265-66.

When deciding a motion for default judgment, a court may consider a number of factors presented in the record, including the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are to be decided, whether the default is largely technical, whether plaintiffs have been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2685 (3d ed. 1998); *see also American Nat'l Bank & Trust Co. of Chicago v. Alps Elec. Co., Ltd.*, No. 99 C 6990, 2002 WL 484845, at *1 (N.D. Ill. March 29, 2002) (citing *Federal Practice and Procedure: Civil* § 2685).

In this case, the grounds for default judgment are clearly established. First, the default goes beyond a mere technicality, as Defendant has not filed an answer or any responsive pleadings since Plaintiffs filed their complaint on September 20, 2005. Moreover, Defendant failed to respond to a letter that Plaintiffs sent as a courtesy before requesting entry of default. Defendant cannot be allowed to completely ignore this suit. *See Pyramid Energy, Ltd. v. Heyl &*

*Patterson, Inc.*, 869 F.2d 1058, 1062 (7th Cir. 1989) ("A trial court is entitled to say, under proper circumstances, that enough is enough.").

Further, material issues of fact are not in dispute. In order for Plaintiffs to establish the prima facie case of direct copyright infringement, they must satisfy two requirements: (1) they must show ownership of the allegedly infringed material; and (2) they must demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders. *See* 17 U.S.C. §§ 106, 501(a). The Supreme Court and the Seventh Circuit Court of Appeals have each recently relied upon the assumption that posting or downloading music files constitutes primary copyright infringement. *See BMG Music v. Gonzalez*, 430 F.3d 888, 889 (7th Cir. 2005), *cert. denied*, 126 S. Ct. 2032 (U.S. May 16, 2006) (citing *MGM Studios, Inc. v. Grokster, Ltd.*, 125 S. Ct. 2764 (2005)); *In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003). Here, while we are confronted with downloading and posting motion pictures instead of music files, the underlying problem (unauthorized distribution of copyrighted material via the internet) remains the same. Plaintiffs pled that they owned the copyrighted materials specified in Exhibit A and that Defendant violated their exclusive rights to reproduce and distribute the copyrighted recordings to the public by downloading and distributing the copyrighted recordings via an online media distribution system. Therefore, the facts as stated in the Complaint establish direct copyright infringement by Defendant.

Finally, Plaintiffs are entitled to the damages they request. Plaintiffs request allowable statutory damages for each copyright violation as well as a permanent injunction barring Defendant from further infringing activity. They also request an award of their fees and costs incurred in bringing this action. The total monetary award equals a relatively small figure

($12,169.30), and Plaintiffs' requests are reasonable and proper.

## B. Monetary and Injunctive Relief

Normally, upon considering a motion for default judgment, a court must have a hearing to determine damages. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). However, a hearing is not required if damages can be ascertained from the documentary evidence or in detailed affidavits. *See id.* An evidentiary hearing is unnecessary in this case.

The Copyright Act provides for both monetary and injunctive relief. First, it provides that "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a). Under § 504(c), the copyright owner may choose to recover statutory damages in lieu of actual damages any time prior to the entry of final judgment. § 504(c)(1). "This section provides that the author's entitlement, per infringed work, is 'a sum of not less than $750 or more than $30,000 as the court considers just.'" *BMG Music*, 430 F.3d at 891. Second, § 502 authorizes the court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Finally, the Court has discretion to award costs and fees to the prevailing party. *See* § 505.

Awards of statutory damages within the "statutory limits for copyright infringement damages is wholly within the trial court's discretion and sense of justice." *Weintraub/OKUN Music v. Atlantic Fish & Chips, Inc.*, No. 90 C 4938, 1991 WL 34713, at *5 (N.D. Ill. March 13, 1991) (citations and internal quotations omitted). Here, Plaintiffs seek $1,000.00 for each of the

six infringements alleged in the Complaint, for a total of $6,000.00. Although the minimum statutory award per infringement is $750, the additional $250 requested per infringement in this case is justified. As Plaintiffs point out, this case does not present the "usual" download scenario in which defendants trade songs on the internet that are otherwise widely available by legal means. Instead, here the Defendant was distributing pirated copies of motion pictures that were not available to the public by any legal means other than viewing in a movie theater. Thus, the Court finds that: the damages sought by Plaintiffs are ascertainable from the Complaint; an evidentiary hearing is unnecessary; and an award of $6,000.00 representing statutory damages for all six works infringed is appropriate.

Plaintiffs' requests for attorneys' fees and costs are also appropriate. Courts have the power to award both attorneys fees and costs under § 505 of the Copyright Act. Although this Court has not previously awarded attorneys fees under this section, at least one court in this circuit has done so. *See Twentieth Century Fox v. Bland*, Case No. 1:05-cv-4533 (N.D. Ill. November 22, 2005). Once again, because this case does not present the typical internet download case, but rather presents a defendant who intentionally distributed pirated material before that material was otherwise available to the general public, we find that an award of costs that includes Plaintiffs' attorneys' fees is reasonable.

Finally, Plaintiffs request a permanent injunction barring Defendant from reproducing or distributing any of Plaintiffs' copyrighted works as well as requiring Defendant to destroy any works that she has already reproduced or distributed via the online media system. Specifically, Plaintiffs request the following:

7

Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted motion pictures:

1. Christmas With The Kranks;

2. Suspect Zero;

3. Taxi;

4. The Grudge;

5. Alien vs. Predator;

6. Saw; and

7. any other motion picture, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate of Plaintiffs) (the "Plaintiffs' Motion Pictures"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Motion Pictures, to distribute (i.e., upload) any of Plaintiffs' Motion Pictures, or to make any of Plaintiffs' Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

Defendant also shall destroy all copies of Plaintiffs' Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

District courts in the Seventh Circuit have approved permanent injunctions when granting default judgments against individuals whose actions infringed copyright law. In *Columbia Pictures*, the district court granted default judgment against a website operator who, without authorization, allowed users to download copyrighted movies and television shows. *Columbia Pictures Indus., Inc. v. May*, No. 04-C-1192, 2006 WL 1085120, at *1-2 (E.D. Wis. April 24, 2006). In addition to granting statutory damages, the court, pursuant to 17 U.S.C. § 502(a), permanently enjoined the defendant from continuing to infringe the plaintiffs'

copyrights.  *See id.*  The court reasoned that the plaintiffs' injuries were "irreparable" and could not be adequately compensated by monetary damages alone.  *Id.* at *1.  The court concluded that the plaintiffs risked continued injury unless the defendant was permanently enjoined from infringing the plaintiffs' copyrights.  *Id.*

Similarly, this Court has previously issued similar injunctions in the music download context.  *See UMG Recordings, Inc. v. Davito*, No. 2:04CV479, 2005 WL 3776349 (N.D. Ind. June 17, 2005).  In *UMG Recordings*, this Court acknowledged that monetary damages inadequately address the harm caused by copyright infringement through unauthorized use of online media distribution systems accessible by "tens of millions of potential users."  *Id.*, at *3 (internal citations omitted).  With these considerations in mind, the Court finds that the permanent injunction is appropriate.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Application for Entry of Default Judgment [Doc. 13] is **GRANTED**.  It is also **ORDERED** that:

1. Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the motion pictures listed in Exhibit A to the Complaint, in the total sum of Six Thousand Dollars ($6,000.00);

2. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted motion pictures:

Christmas With The Kranks;

Suspect Zero;

Taxi;

The Grudge;

Alien vs. Predator;

Saw;

and any other motion picture, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate of Plaintiffs) (the "Plaintiffs' Motion Pictures"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Motion Pictures, to distribute (i.e., upload) any of Plaintiffs' Motion Pictures, or to make any of Plaintiffs' Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

3. Defendant shall further pay Plaintiffs' costs of suit herein in the amount of Six Thousand One Hundred and Sixty Nine Dollars and Thirty Cents ($6,169.30).

The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiffs are entitled to the relief stated herein. The Clerk is further directed to treat this matter as **TERMINATED**.

**SO ORDERED.**

ENTERED: July 6, 2006

s/ Philip P. Simon

PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT.